UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL PICKENPACK, | ) |
| | ) No. 13 CV 354 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| THIRD ACT PICTURES, INC., | ) |
| LEGENDARY PICTURES, INC., and | ) |
| WARNER BROTHERS | ) |
| ENTERTAINMENT, INC., | ) |
| | ) January 27, 2014 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Before the court is the motion of Defendants Third Act Pictures, Inc. ("Third Act"), Legendary Pictures, Inc. ("Legendary"), and Warner Brothers Entertainment, Inc. ("Warner Bros.") for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion is granted in part and denied in part for the following reasons:

**Background**

In this case, Cheryl Pickenpack alleges that Defendants' negligence caused her to sustain injuries while she was working on the set of a film production. (R. 1, Compl.) The parties have consented to the jurisdiction of this court, (R. 23), and have exchanged Rule 26(a)(1) disclosures, (R. 30). During a status hearing on June 5, 2013, the court ordered that discovery proceed in stages (the "June Order"). (R. 30.) The first stage of discovery would focus on Pickenpack's employment status at the time of the alleged incident and the identification of other parties who might

be responsible for her injuries. (Id.) After the parties served their initial discovery requests and exchanged responses, Defendants reported at the September 11, 2013 status hearing that they would be moving for summary judgment. (R. 37.) Defendants filed their motion on November 8, 2013. (R. 41.) Pickenpack timely filed her response on December 11, 2013, (R. 46), and Defendants timely filed their reply on December 30, 2013, (R. 50).

## Analysis

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In reviewing a motion for summary judgment, this court draws all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Carmichael v. Village of Palatine, Ill.*, 605 F.3d 451, 456 (7th Cir. 2010). The moving party bears the burden of establishing the basis for its motion and "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

2

demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the responsibility shifts to the nonmoving party to show that an issue of material fact exists. *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006). The nonmoving party cannot simply rest on allegations in the pleadings, but "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 920 (7th Cir. 1997).

Although Rule 56 does not require that discovery be complete before summary judgment can be granted, *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006), if a party needs further discovery to respond to a motion for summary judgment, she must explain the reasons why she cannot present evidence essential to her opposition, *see Larsen v. Elk Grove Village, Ill.*, 433 Fed. Appx. 470, 472 (7th Cir. 2011). Rule 56(d) authorizes a court to deny or defer ruling on a motion for summary judgment to allow time to take additional discovery if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"[1] Fed. R. Civ. P. 56(d); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). This rule "does not allow a party to block summary judgment simply by offering generalities about the need for further discovery." *Staten v. Nissan N. Am., Inc.*, 134 Fed. Appx. 963, 965 (7th Cir. 2005). The party seeking protection must

---

[1] Rule 56(d) was formerly designated as Rule 56(f).

point to specific evidence that it reasonably believes it will discover if given the additional time. *See Pactiv Corp. v. Multisorb Techs., Inc.*, 823 F. Supp.2d 840, 844 (N.D. Ill. 2011). Furthermore, the party seeking additional discovery must also demonstrate that it has not been dilatory in pursuing the necessary discovery. *See Kalis*, 231 F.3d at 1057 n.5 (when a party fails to secure discoverable evidence due to her own lack of diligence, the necessary justification for a continuance is lacking). The Seventh Circuit has instructed that courts should construe Rule 56(d) liberally to prevent a premature grant of summary judgment. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

In the motion before the court, Defendants contend that: (1) Pickenpack's action against Third Act is barred by the exclusive remedy provision in the Illinois Workers' Compensation Act, 820 ILCS 305/5(a); and (2) Warner Bros. and Legendary owed no duty of care to Pickenpack. (R. 41, Defs.' Mot. ¶ 9.) In support of their motion, Defendants submit a Local Rule 56.1 statement of facts which cites to various employment and services agreements entered into by the parties, policy acknowledgment forms, Pickenpack's answers to interrogatories, and three affidavits signed by Defendants' employees. (*See* R. 43, Defs.' Facts.) In her response, Pickenpack agrees that Third Act is entitled to summary judgment. (R. 46, Pl.'s Resp. ¶ 3.) However, Pickenpack opposes the remainder of the motion, arguing that granting summary judgment in favor of Warner Bros. and Legendary would be premature given that no discovery has been undertaken on her negligence claims against them. (Id. ¶¶ 7-8.) Pickenpack submits an affidavit from her

4

attorney in support of her request for additional discovery, (R. 48, Schwartz Aff.), along with her response to Defendants' Local Rule 56.1 statement of facts, (R. 49). Defendants argue in their reply that Pickenpack should not be granted additional time to conduct discovery under Rule 56(d) because she failed to act with the necessary diligence. (R. 50, Defs.' Reply at 3-6.)

Regarding Defendants' first argument that Pickenpack's action against Third Act is barred, the parties agree that Third Act is entitled to summary judgment. At the time this suit was first filed, Pickenpack alleged in her complaint that she was employed by Cast & Crew Entertainment Services ("Cast & Crew"), a non-party payroll service provider hired by Third Act. (R. 1, Compl. ¶ 3.) Defendants argue in their current motion that Plaintiff is barred from seeking damages from Third Act under the exclusive remedy provision of the Illinois Workers' Compensation Act, which provides that:

> [n]o common law or statutory right to recover damages from the employer . . . or agents or employees of [the employer] for injury or death sustained by any employee while engaged in the line of [her] duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act[.]

820 ILCS 305/5(a). In earlier stages of this suit, Plaintiff sought discovery to determine whether Pickenpack was an employee of any of the named Defendants, as well as to determine whether additional defendants needed to be added prior to the expiration of the two-year statute of limitations on her claims. Now that the parties have had the opportunity to conduct such discovery, Plaintiff stipulates that at the time of her injury she was acting as an employee of Third Act as well as Cast

5

& Crew. (R. 47, Pl.'s Mem. at 2.) Because a dispute no longer exists as to whether Pickenpack is barred from seeking damages for her claims against Third Act, summary judgment is granted in favor of Third Act.

As for Defendants' argument that Warner Bros. and Legendary owed no duty of care to Pickenpack, the parties disagree about whether Pickenpack's request for additional discovery on this issue warrants the denial or continuance of Defendants' motion. Defendants contend that since neither Warner Bros. nor Legendary directly participated in the filming of the production where Pickenpack suffered her injury, neither Defendant owed Pickenpack a duty of care. (R. 42, Defs.' Mem. at 10.) In response to this argument, Pickenpack relies on the June Order stating that the parties were "to serve their written discovery requests—focusing on Plaintiff's employment status at the time of the alleged incident and the identification of other parties who may be responsible for her injuries—by June 14, 2013." (R. 30, cited in R. 47, Pl.'s Mem. at 3.) Pickenpack contends that the order limited discovery solely to the issues described therein, and since discovery has not commenced regarding whether Warner Bros. and Legendary owed her a duty of care, Defendants' motion is premature.

The court agrees with Pickenpack that granting Defendants' motion at this time would be premature. Specifically, there exists a dispute as to whether Warner Bros. and/or Legendary owed Pickenpack a duty of care, an issue on which discovery has not been completed. Pickenpack correctly points out that the court separated discovery into stages in its June Order. (R. 47, Pl.'s Mem. at 3.) During the hearing

6

on June 5, 2013, the court and the parties agreed that the question of whether an employee-employer relationship existed between Pickenpack and Defendants needed to be resolved as an initial matter. At the request of Pickenpack's attorney, the court agreed to also include within the scope of initial discovery identification of other potential defendants prior to the running of the statute of limitations for this action. The court then ordered that discovery on these limited topics go forward pursuant to a schedule set by the court. (*See* R. 30.)

During a subsequent status hearing on September 9, 2013, when Defendants reported that they anticipated filing a motion for summary judgment on behalf of all three Defendants, (R. 37), this court explicitly cautioned Defendants that their motion could prompt Pickenpack to move for additional discovery. Despite this warning and the June Order, Defendants now argue that Pickenpack already had her chance to seek additional discovery, and that failing to do so earlier constitutes lack of diligence on her part. (*See* R. 50, Defs.' Reply at 4-6.)

Defendants' argument falls short for a number of reasons. First, Pickenpack has not been dilatory in pursuing discovery on whether Warner Bros. and Legendary owed her a duty of care because that discovery has not commenced. Defendants contend that such discovery was in fact conducted, notwithstanding this court's order because several of Pickenpack's initial discovery requests sought information related to Defendants' role in the production. (Id. at 5.) While the interrogatories Defendants point to in support of this argument do relate in part to Defendants' involvement, they are also relevant to the inquiry of whether an

7

employer-employee relationship existed between the parties. For example, in arguing that Pickenpack strayed beyond the scope of the initial phase of discovery, Defendants refer to one of her interrogatories asking whether Warner Bros. and Legendary "reserved the right to control the manner in which plaintiff performed the work she performed during the course of her employment, and if so, which individuals dictated the manner in which the work was done." (R. 50, Defs.' Reply, Ex. B, at Int. #9.) Defendants point to another interrogatory asking whether "the employment or assignment of any of the work to subcontractors" was subject to Legendary's approval. (Id. at Int. #16.) But Defendants themselves recognize that a principal factor in determining whether an employee-employer relationship exists is the employer's right of control and supervision over the work performed by the alleged employee. (*See* R. 42, Defs.' Mem. at 3-4); *Couch v. United States*, 694 F.3d 852, 857 (7th Cir. 2012). The interrogatories Defendants highlight address Defendants' right to control and supervise Pickenpack, and are therefore relevant to determining whether an employee-employer relationship existed between Pickenpack and Defendants.

Defendants also refer to interrogatories in which Pickenpack seeks information regarding, among other things, Legendary's inspection of the premises prior to Pickenpack's alleged injury and the names of those who made the inspections, (R. 50, Defs.' Reply, Ex. B, at Int. #20), the names of all inspectors or employees responsible for safety during the production, (id. at Int. #21), and the names of all inspectors or employees responsible for safety who were present on the

8

day of Pickenpack's injury, (id. at Int. #22). These interrogatories seek to identify other parties who may be responsible for Pickenpack's injuries, a topic squarely within the confines of the June Order. Even if Pickenpack's requests exceeded the scope of the ordered discovery, Defendants could have objected to those interrogatories (and in some instances Defendants did object) to the extent the requests sought information irrelevant to Pickenpack's employment or to the identification of other potential parties. (*See, e.g.*, id. at ##6 & 10.) In any event, the fact that issues set for initial discovery happen to touch upon other aspects of Pickenpack's claims does not invalidate the discovery limitations imposed by this court. As such, this court rejects Defendants' assertion that discovery did in fact proceed beyond the initial phase outlined by the court and that Pickenpack already had the opportunity to obtain the discovery she now seeks.

Second, even if discovery had already commenced on the issue of whether Warner Bros. and Legendary owed Pickenpack a duty of care, Pickenpack has not demonstrated a lack of diligence in pursuing additional discovery. This is not a situation where the plaintiff waited until after the discovery deadline and the due date for her response brief to seek additional discovery, *see Kalis,* 231 F.3d at 1058 & n.5, nor did she sit on her hands for several months with no explanation for her inactivity, *see Staten v. Nissan N. Am., Inc.*, 134 Fed. Appx. 963, 965 (7th Cir. 2005). Instead, Pickenpack's reliance on the June Order explains why she held off on seeking additional discovery. Less than three months elapsed between Pickenpack's receipt of Defendants' initial discovery responses on August 21, 2013,

9

(R. 31), and the filing of Defendants' summary judgment motion on November 8, 2013, (R. 41). As already discussed, Pickenpack had every reason during that time period to believe that discovery had not progressed beyond the initial phase defined by this court. Pickenpack also made a timely request for additional discovery in her response to Defendants' motion for summary judgment. (R. 47, Pl.'s Resp. at 3-5.) While the court recognizes the importance of efficiency in conducting discovery, Pickenpack has not shown a lack of diligence at this stage of the action.

Finally, Defendants do not appear to dispute that Pickenpack's response identifies specific evidence she reasonably believes she will discover if given additional time. Pickenpack's counsel states in an affidavit that additional discovery would include, "requests regarding safety policies and procedures in effect at the time of the fall, the names and depositions of crew members charged with safety procedures on set, [and] the depositions of the affiants cited in the defendants' Motion for Summary Judgment." (R. 48, Schwartz Aff. ¶ 5.) Pickenpack therefore has met her burden under Rule 56(d). Without first obtaining discovery to determine whether Defendants owed her a duty of care, Pickenpack is unable to adequately respond to Defendants' motion. In view of the fact that discovery has not been taken on this issue, it would be premature for the court to consider the motion as it pertains to Pickenpack's claims against Warner Bros. and Legendary.

## Conclusion

For the foregoing reasons, Defendants' motion is granted in part and denied in part. The motion is granted with respect to Third Act. The motion is denied without prejudice as it pertains to the claims against Warner Bros. and Legendary.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

11